**IT IS ORDERED as set forth below:**



Date: June 29, 2023

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| IN RE: | CASE NO. 11-62288-WLH |
|---|---|
| KEVIN LOGAN MALIN, | CHAPTER 7 |
| Debtor. | |

**ORDER GRANTING MOTION TO INTERVENE**

**THIS MATTER** is before the Court on the Motion to Intervene filed by Denis Mathews ("Mr. Mathews") (Doc. No. 44) (the "Motion").

Debtor filed for Chapter 7 bankruptcy relief on April 25, 2011. His case was discharged and subsequently closed on December 16, 2011. On November 16, 2018, the United States Trustee filed a Motion to Reopen Chapter 7 Case (Doc. No. 15), seeking to reopen the bankruptcy case to appoint a trustee to investigate and administer a personal injury claim that arose pre-petition. The bankruptcy case was reopened on November 16, 2018 (Doc. No. 16), and Debtor amended the schedules to disclose a claim against the Bridgeport (CT) Catholic Diocese (the "Diocese") (Doc. No. 33). A bar date for filing proofs of claim was set, but no creditors filed proofs of claim. The

1

Chapter 7 Trustee filed a Report of No Distribution, and the bankruptcy case was closed on July 5, 2019.

On April 19, 2023, the Debtor filed another Motion to Reopen Chapter 7 Case (Doc. No. 37). Debtor seeks to reopen his Chapter 7 bankruptcy case to "correct the information regarding a potential asset from the time of the filing of the original case." More specifically, Debtor seeks to disclose a lawsuit he filed against Mr. Mathews in the Connecticut Superior Court, which Debtor contends is part of or a continuation of the claim against the Diocese. Mr. Mathews filed a Response (Doc. No. 38) in opposition. The Court held a hearing on the Motion to Reopen on May 18, 2023, during which it invited additional briefing on reopening the case. Debtor thereafter filed a Brief in Support of the Motion to Reopen Chapter 7 Case (Doc. No. 43), in which he argued Mr. Mathews is not a "party in interest" and lacks standing to object to reopening the case.

On June 7, 2023, Mr. Mathews filed the Motion seeking to intervene with respect to the Motion to Reopen Chapter 7 Case pursuant to Federal Rule of Bankruptcy Procedure 2018(a). He contends he has a direct legal and financial interest in the resolution of Debtor's request to reopen his Chapter 7 case and no other person or entity can adequately represent his interests. On June 22, 2023, Debtor filed a response in opposition to the Motion (Doc. No. 47). Debtor contends Mr. Mathews can present his defenses in the Connecticut action.

The procedure for intervening is governed by Federal Rule of Bankruptcy Procedure 2018. Fed. R. Bankr. P. 2018; see also Resolution Trust Corp. v. Russell Corp. (In re Russell Corp.), 156 B.R. 347, 349 (Bankr. N.D. Ga. 1993). The rule provides, "[i]n a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. P. 2018(a). "In order to establish cause under [Rule 2018], a party must establish that it has an economic or similar

2

interest in the matter which is not adequately represented and that intervention would not result in undue delay or prejudice." In re Russell Corp., 156 B.R. at 349. The case law regarding Rule 2018 "authorizes a very broad and elastic interpretation as to those entities entitled to . . . intervenor status—in the discretion of the court to suit the particular case before it." In re Pub. Serv. Co. of New Hampshire, 88 B.R. 546, 554 (Bankr. D.N.H. 1988).

Courts have permitted entities to intervene on motions to reopen in certain cases. For example, in In re Narcisse, 2013 WL 1316706, at *3 (Bankr. E.D.N.Y. Mar. 29, 2013), the court found the debtor's motion to reopen would likely affect the continuation of a related personal injury action pending in state court. And the purported intervenor could have become indebted to Debtor's estate if there was a recovery in the personal injury action and would therefore be impacted by the reopening. The court found the purported intervenor had sufficient interest to be heard on the debtor's motion to reopen. See also In re Potter., 2021 WL 4494263, at *4 (Bankr. D.N.J. Sept. 30, 2021) (noting, in considering a motion to reopen, that Bankruptcy Rule 2018(a) provides the court may permit intervention).

Debtor seeks to reopen his Chapter 7 case to disclose a lawsuit against the purported intervenor. There are no creditors who stand to benefit from reopening the case. Thus, whether to reopen the case boils down to a dispute between the Debtor and Mr. Mathews. Mr. Mathews' interests are not protected by any party to the estate. The resolution of the motion to reopen may affect the continuation of the pending action against Mr. Mathews in the Connecticut courts. The determination of whether to reopen the bankruptcy case will thus impact him. Accordingly, the Court will exercise its discretion to permit Mr. Mathews to intervene on the Debtor's Motion to Reopen Chapter 7 Case. Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED**.

**END OF DOCUMENT**

4

**Distribution List**

Gus H. Small
Benjamin S. Klehr
Small Herrin, LLP
100 Galleria Parkway
Suite 350
Atlanta, Georgia 30339

J. Hayden Kepner, Jr.
J. Robert Williamson
Scroggins & Williamson, PC
4401 Northside Parkway
Suite 450
Atlanta, GA 30327

Susan H. Senay
Kelly Thomas
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway NE
Atlanta, GA 30324