**IT IS ORDERED as set forth below:**



Date: July 26, 2023

_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 11-62288-WLH |
| KEVIN LOGAN MALIN, | CHAPTER 7 |
| Debtor. | |

### ORDER DENYING MOTION TO (A) ALTER OR AMEND ORDER DENYING MOTION TO REOPEN CHAPTER 7 CASE, OR (B) SCHEDULE AN EVIDENTIARY HEARING ON THE MATTER

**THIS MATTER** is before the Court on Denis Mathews' Motion to (A) Alter or Amend Order Denying Motion To Reopen Chapter 7 Case, or (B) Schedule an Evidentiary Hearing on the Matter (Doc. No. 52) (the "Motion"). Debtor filed a Motion to Reopen his Chapter 7 case to amend his Schedules to disclose a potential claim against Mr. Mathews. On June 29, 2023, the Court entered an Order Denying Motion to Reopen (Doc. No. 49) (the "Order"). Mr. Mathews now asks the Court to amend the Order to delete any finding Debtor's amended schedules gave the Chapter 7 Trustee adequate notice of a potential claim against Mr. Mathews and that such claim had been

1

abandoned back to the Debtor. In the alternative, Mr. Mathews requests an evidentiary hearing on the matter. Debtor filed a response in opposition to the Motion (Doc. No. 53).

Facts and Procedural History

Debtor filed for Chapter 7 bankruptcy relief on April 25, 2011. At the time of filing, Debtor did not list any claim for injury on his bankruptcy schedules or related documents. The Chapter 7 Trustee filed a report of no distribution. Debtor's case was discharged and subsequently closed on December 16, 2011.

In 2018, Debtor retained counsel regarding a potential claim against the Bridgeport (CT) Catholic Diocese (the "Diocese"). The U.S. Trustee was informed of the potential claim and filed a motion to reopen the case and appoint a trustee to investigate and administer the personal injury claim (Doc. No. 15). The bankruptcy case was reopened on November 16, 2018 (Doc. No. 16).

On January 24, 2019, Debtor filed amended Schedules B and C and an amended summary of assets and liabilities (Doc. No. 33). On Schedule B, on line 21, Debtor listed a "Potential personal injury claim against the Bridgeport Diocese (debtor reserves the right to exempt at a later date, subject to trustee's right to object)" in the amount of $1,000.

The Chapter 7 Trustee filed a report of assets and request to set claim deadline (Doc. No. 24). The Chapter 7 Trustee also retained special counsel (Doc. No. 27, granted at Doc. No. 32), to represent the estate in relation to the personal injury claim. No creditors filed proofs of claim. On May 2, 2019, the Chapter 7 Trustee filed a Report of No Distribution, reflecting he abandoned the personal injury claim, and the bankruptcy case was closed on July 5, 2019.

On April 19, 2023, the Debtor filed a Motion to Reopen (Doc. No. 37), seeking to reopen his Chapter 7 bankruptcy case to "correct the information regarding a potential asset from the time of the filing of the original case." Debtor sought to disclose a lawsuit he filed against Mr. Mathews

in the Connecticut Superior Court, alleging Mr. Mathews worked for the Diocese and was the priest responsible for the personal injury Debtor claims he suffered. Debtor and Mr. Mathews disputed whether Debtor's 2019 amendment to Schedule B reflecting a potential personal injury claim against the Diocese encompassed Debtor's potential claim against Mr. Mathews. Debtor argued his disclosure of his potential claim against the Diocese necessarily covered any claims he may have had against Mr. Mathews as the actor allegedly involved. Mr. Mathews stated the disclosure did not encompass any claim against him.

On June 29, 2023, the Court entered an Order Denying Motion to Reopen (Doc. No. 49) (the "Order"). The Court held, for purposes of the bankruptcy court, the disclosure of the claim against the Diocese included any claim against Mr. Mathews as the alleged actor for the Diocese. On July 12, 2023, Mr. Mathews filed the Motion. He contends the 2019 disclosure was not sufficient because Mr. Mathews was not employed by the Diocese at the time the alleged conduct occurred, and that the Court made factual findings that should be deleted.

Reconsideration Standard

Federal Rule of Civil Procedure 59, made applicable by Bankruptcy Rule 9023, permits bankruptcy courts to alter or amend an order or judgment. Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023. As explained by the Supreme Court, the rule provides courts with a corrective function and "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)); Banister v. Davis, 140 S. Ct. 1698, 1703 (2020). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence (i.e. evidence that was not previously available) or establish an error of law or fact. In re Kellogg, 197 F.3d 1116, 1119-

20 (11th Cir. 1999). "[M]ere disagreement with the court's ruling is not a proper basis for seeking reconsideration under Civil Rule 59(e)." In re Bayati, 2015 WL 6470522 *5 (9th Cir. B.A.P. 2015).

Analysis

Mr. Mathews has not established an error of law or fact to warrant reconsideration here. As explained in the Order, a debtor has a duty to disclose all assets to the bankruptcy court on a schedule, including potential legal claims. 11 U.S.C. § 521(a)(1); Graupner v. Town of Brookfield, 450 F.Supp.2d 119, 124 (D. Mass. 2006). The statute, however, does not provide any guidance as to the specificity with which those assets must be described. See In re Furlong, 437 B.R. 712, 718 (Bankr. D. Mass. 2010), aff'd, 450 B.R. 263 (D. Mass. 2011), aff'd, 660 F.3d 81 (1st Cir. 2011); see also In re Mohring, 142 B.R. 389, 395 (Bankr. E.D. Cal. 1992) ("There are . . . no bright-line rules for how much itemization and specificity is required" on a bankruptcy schedule.), aff'd, 153 B.R. 601 (9th Cir. BAP 1993), aff'd, 24 F.3d 247 (9th Cir.1994).

While a "debtor has a duty to prepare schedules carefully, completely, and accurately," an asset is adequately scheduled if its description exhibits "reasonable particularization under the circumstances." Mohring, 142 B.R. at 394–95; see also Payne v. Wood, 775 F.2d 202, 205 (7th Cir. 1985). A debtor's schedules need not identify every potential cause of action, every possible defendant, or even any defendant at all, so long as a partially scheduled claim contains enough information that a reasonable investigation by the trustee would reveal the claim ultimately asserted. Nicholas v. Green Tree Servicing, LLC, 173 F. Supp. 3d 250, 255–56 (D. Md. 2016). A brief description suffices where it gives the trustee enough information to further inquire, if he elects to do so. In re Fisher, 486 B.R. 200, 206 (Bankr. D. Kan. 2013). Thus, courts have found scheduled claims encompass related claims arising from the same underlying facts. Furlong, 660 F.3d 81; Bejarano v. Bravo! Facility Servs., Inc., 251 F. Supp. 3d 27, 34 (D.D.C. 2017). Courts

4

have also held a debtor need not identify every possible defendant. Lee v. Forster & Garbus LLP, 926 F.Supp.2d 482 (E.D.N.Y.2013); Kuehn v. Cadle Co., 2007 WL 809656 (M.D. Fla. Mar. 15, 2007). "The only requirement is that debtors produce honest and accurate schedules that are specific enough to allow a trustee in bankruptcy to conduct an adequate investigation into their financial affairs." Furlong, 437 B.R. at 719.

This standard has been met. Here, Debtor disclosed a "Potential personal injury claim against the Bridgeport Diocese." Debtor did not list any representatives or any priest of the Diocese. Nevertheless, Debtor's disclosure put the Chapter 7 Trustee on inquiry notice to investigate the Debtor's potential claims. The Diocese can only act through people, so a reasonable investigation of the claim would have included identifying who the Debtor contended were the actors and likely defendants. See Kuehn, 2007 WL 809656 (schedule gave the trustee sufficient notice of the lawsuit to allow it to investigate and discover the true defendant). Debtor's amended Schedules provided sufficient information about his potential personal injury claims for the Chapter 7 Trustee to make an educated decision about whether to bring claims against the Diocese and any particular priests. In fact, the Trustee engaged counsel to assist him in investigating and pursing claims the Debtor asserted against the Diocese and, necessarily, any related actors arising from the same underlying facts.

The only question before this Court was whether a reasonable investigation of the Debtor's claims against the Diocese would have revealed the claim Debtor has made against Mr. Mathews. The allegations in the complaint against Mr. Mathews are that Mr. Mathews was the person who performed the acts for which the Debtor alleged it had a claim against the Diocese. This Court concluded that such allegations would have been discovered in a reasonable investigation of the claims against the Diocese. The Court need not decide what the Trustee would

do with the claim, or whether the claim is valid, only that the Debtor's allegation that Mr. Mathews is the perpetrator would have been discovered in investigating the claim against the Diocese. It is important to recognize the Debtor has made only a claim—allegations—and not that the Court has found any facts related to the claim. The Court did not, and need not, determine any facts surrounding the allegations. It made no findings of fact about any aspect of Debtor's claim and specifically made no findings of fact as to Mr. Mathews, his employment, location, or the validity of the claims. That is for the state court. All this Court did was decide there was no reason to reopen the bankruptcy case.

Mr. Mathew's Motion is a further attempt to have this Court, as opposed to the state court, determine the critical fact of whether Mr. Mathews was the perpetrator. That is not this Court's job. No reason exists to receive evidence on this important factual dispute—the state court will do that. Moreover, no reason exists to receive evidence as to the Debtor's state of mind when he scheduled the claim against the Diocese for $1000. For bankruptcy purposes, the Court has determined the scheduling of the claim was sufficient. The parties have preserved their allegations and defenses and the state court will undertake the trial of this matter.

This Order clarifies its Order Denying Motion to Reopen, but the additional relief requested in the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Gus H. Small
Benjamin S. Klehr
Small Herrin, LLP
100 Galleria Parkway
Suite 350
Atlanta, Georgia 30339

J. Hayden Kepner, Jr.
J. Robert Williamson
Scroggins & Williamson, PC
4401 Northside Parkway
Suite 450
Atlanta, GA 30327

Susan H. Senay
Kelly Thomas
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway NE
Atlanta, GA 30324